[Cite as *In re The Chadwick #135*, 2012-Ohio-5955.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| IN THE MATTER OF THE APPEAL OF THE CHADWICK #135 | JUDGES: Hon. William B. Hoffman, P. J. Hon. Sheila G. Farmer, J. |
| Appellee | Hon. John W. Wise, J. |
| -vs- | |
| APPEAL FILED BY SARAH JANE COCKRELL, et al. | Case No. 12 CAE 06 0036 |
| Appellants | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common Pleas, Case No. 11 CV F 03 0399


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     December 17, 2012


APPEARANCES:

For Appellee

CAROL HAMILTON O'BRIEN
PROSECUTING ATTORNEY
ARIC I. HOCHSTETTLER
ASSISTANT PROSECUTOR
140 North Sandusky Street
Delaware, Ohio 43015

For Appellants

PAUL L. WALLACE
171 East Livingston Avenue
Columbus, Ohio 43215

*Wise, J.*

**{¶1}**   Petitioners-appellants Sarah Jane Cockrell and James Eastwood appeal the May 30, 2012, Judgment Entry entered by the Delaware County Court of Common Pleas, which denied their appeal and upheld the decision of the Delaware County Board of Commissioners ("the Board") to go forward with the improvements to the Chadwick ditch number 135 as petitioned by Thomas and Marlene Heston.

<u>STATEMENT OF THE CASE AND FACTS</u>

**{¶2}**   The factual and procedural history of this case is as follows:

**{¶3}**   On September 25, 2000, Thomas and Marlene Heston filed a petition with the Delaware County Board of Commissioners ("the Board") asking Delaware County to make drainage improvements on the Hestons' business and residential properties, as well as other properties in the area.  The Hestons filed the petition pursuant to R.C. §6131.04, et seq.

**{¶4}**   The Board conducted a hearing on the petition on September 6, 2005, at which time it resolved to dismiss the Hestons' petition as the cost of the project would outweigh its benefits.  The Board passed the resolution by voice vote at the September 6, 2005 hearing.  The Board officially approved the resolution on September 8, 2005.

**{¶5}**   On June 19, 2007, the Hestons filed a subsequent petition which is the subject of the instant appeal. In this petition, the Hestons sought to have the ditch improved, alleging that there were blockages along the ditch's course, namely on the Carter Lumber property and the property owned by Walter Sandel.

{¶6} A preliminary report was presented to the county commissioners, who voted 2-1 to request additional engineering work and cost estimates. This preliminary report contained an estimate of $243,000.00 for the initial work

{¶7} A final report was submitted to the Board in January, 2011. This final report contained an estimate of approximately $230,000 for the improvements.

{¶8} On March 7, 2011, a public hearing was held in this matter. At this hearing, the Board heard testimony from owners of a majority of the farmland within the watershed. These farmers all stated that their properties would not see any additional improvement of drainage or crop yields from this project. At the conclusion of said hearing, the Board voted 3-0 in favor of the petition.

{¶9} An appeal was made to the Court of Common Pleas. The Common Pleas Court appointed a panel of three arbitrators which heard evidence in this matter on August 25, 2011.

{¶10} At the arbitration hearing, the panel heard testimony from Chris Bauserman, the Delaware County Engineer, and Scott Stephens from the Delaware Soil and Water Conservation District. Bauserman and Stephens both testified that the improvement was necessary, that it was conducive to the public welfare, and that the benefits exceeded the costs. Mr. Stephens further testified that the existing improvement was "woefully inadequate" and that the piecemeal upgrades that had been made failed to offer the comprehensive benefits which would be realized from the proposed system-wide improvements. (T. at 135-136, 143).

{¶11} On August 30, 2011, the arbitration panel issued its decision upholding the decision of the Board.

**{¶12}**  The matter was then appealed to the judge of the Common Pleas Court, who upheld the decision of the Board, finding that Appellants had not met their burden of proof by a preponderance of the evidence that the improvement project in question was not necessary, was not conducive to the public welfare or that the costs exceeded the benefits.

**{¶13}**  Appellants now appeal, assigning the following errors for review:

<u>ASSIGNMENTS OF ERROR</u>

**{¶14}**  "I. THE TRIAL COURT ERRED IN DETERMINING THAT R.C. 6131.01 ET SEQ. DID NOT ALLOW THE COURT TO RULE ON THE JURISDICTION OF THE BOARD OF COMMISSIONERS TO PROCEED ON THE DITCH PETITION.

**{¶15}**  "II. THE TRIAL COURT ERRED IN DETERMINING THAT THE COSTS OF THE PROJECT DO NOT EXCEED THE BENEFITS OF THE PROJECT.

**{¶16}**  "III. THE TRIAL COURT ERRED IN DETERMINING THAT THE PROJECT WAS NECESSARY AND CONDUCIVE TO THE PUBLIC WELFARE."

**I.**

**{¶17}**  In their First Assignment of Error, Appellants argue that the trial court erred in finding that R.C. §6131.01, et seq. did not allow it to rule upon the jurisdiction of the Board to proceed on the petition herein.  We disagree.

**{¶18}**  Appellants herein argue that all of the jurisdictional requirements were not met at the preliminary hearing in this matter. Specifically, Appellants argue that the County Engineer failed to issue "a statement of his opinion as to whether benefits from the project are likely to exceed the estimated cost" as set forth in R.C. §6131.09, which provides:

**{¶19}** **R.C. §6131.09 Preliminary report**

**{¶20}** "When notified of the filing of a petition authorized by section 6131.04 of the Revised Code, the county engineer shall prepare a preliminary estimate of the cost of the proposed improvement. The engineer shall file at the first hearing, as a guide to the commissioners and the petitioners, a preliminary report including his preliminary estimate of cost, his comment on feasibility of the project, and a statement of his opinion as to whether benefits from the project are likely to exceed the estimated cost. The preliminary report shall list all factors apparent to the engineer, both favorable and unfavorable to the proposed improvement, so that the petitioners may be informed as to what is involved. In addition to reporting on the improvement as petitioned, the engineer may submit alternate proposals to accomplish the prayer of the petition. The county commissioners may require the county engineer to file any additional preliminary reports, of whatever nature, that in the opinion of the board will serve as a guide to the board and the petitioners in deciding whether to proceed with the proposed improvement. The costs incurred by the engineer in making preliminary reports may be paid from the bond of the petitioners if the petition is dismissed at the first hearing, and any amount in excess of the bond shall be paid from county funds. If the engineer's costs are not paid from the petitioners' bond, they shall be paid from county funds."

**{¶21}** Chapter 6131.01, et seq., <u>Single County Ditches</u>, provides for appeals to the Court of Common Pleas as follows:

**{¶22}** **R.C. §6131.25 Questions that may be appealed**

**{¶23}** "Any affected owner may appeal to the court of common pleas within twenty-one days of the date that any order was issued by the board of county

commissioners, as provided in sections 6131.01 to 6131.64 of the Revised Code, and may appeal any one or more of the following questions:

{¶24} "(A) Is the improvement necessary?

{¶25} "(B) Will the improvement be conducive to the public welfare?

{¶26} "(C) Is the cost of the improvement greater than the benefits conferred?

{¶27} "(D) Is the route, termini, or mode of construction the best to accomplish the purpose of the improvement?

{¶28} "(E) Are the assessments levied according to benefits?

{¶29} "(F) Is the award for compensation or damages just?

{¶30} "The appeal may be taken from any order affecting any part of the improvement as well as from any order affecting the entire improvement."

{¶31} The issue of jurisdiction does not appear as a ground for appeal under R.C. §6131.25.

{¶32} However, upon review, we find that the Board did substantially comply with the provisions of R.C. 6131.09, in that the county engineer did prepare a preliminary report containing a preliminary estimate of the cost of the proposed improvement and the feasibility of the project. With regard to the benefit-cost issue, the engineer encouraged the Board to give significant consideration to the testimony of the landowners. ***

{¶33} Appellants' First Assignment of Error is overruled.

**II., III.**

{¶34} In their Second and Third Assignments of Error, Appellants argue that the trial court erred in finding that the costs of the project do not exceed the benefits and that the project was necessary and conducive to the public welfare. We disagree.

{¶35} R.C. §2506.04 governs appeals from administrative agencies and states the following:

{¶36} "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."

{¶37}  In *Henley v. Youngstown Board of Zoning Appeals,* 90 Ohio St.3d 142, 147, 735 N.E.2d 433, 2000–Ohio–493, citations omitted, the Supreme Court of Ohio discussed the difference between the standards of review to be applied by the trial court and the court of appeals:

{¶38} "Construing the language of R.C. 2506.04, we have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the 'whole record,' including any new or additional evidence admitted under R.C. 2506.03, and

determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.* * *

{¶39} "The standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is *'more limited* in scope.' (Emphasis added.)* * *. 'This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on "questions of law," which does not include the same extensive power to weigh "the preponderance of substantial, reliable and probative evidence," as is granted to the common pleas court.' * * * 'It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals, or this Court, might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.' * * * "

{¶40} In reviewing the trial court's decision, this court must apply the abuse of discretion standard. *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 465 N.E.2d 848. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217, 450 N.E.2d 1140."

{¶41} Appellants herein argue that the trial court abused its discretion in relying on the report and testimony of the Delaware County Engineer and the testimony of Mr. Stephens from the Delaware Soil and Water Conservation District, rather than that of the farming property owners.

{¶42} In determining whether the benefits of the project outweighed the costs, the trial court had before it testimony as to the increase in crop yields and increase in property values that would occur as a result of the proposed project. The trial court also heard testimony that the improvement was necessary and conducive to the public welfare as presented by Mr. Stephens. He testified that the improvement would result in improved drainage and that the piecemeal upgrades would not result in a comprehensive system able to meet the needs of the watershed.

{¶43} Applying our limited review, we find, as a matter of law, the decision of the common pleas court is supported by a preponderance of reliable, probative, and substantial evidence, and that the court did not abuse its discretion in upholding the decision of the Board to move forward with the ditch improvement project.

{¶44} Appellants' Second and Third Assignments of Error are overruled.

{¶45} For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.

By: Wise, J.

Hoffman, P. J., and

Farmer, J., concur.

_____

_____

_____

                                                        JUDGES

JWW/d 1203

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN THE MATTER OF THE APPEAL          :
OF THE CHADWICK #135                 :
                                     :
     Appellee                       :
                                     :
-vs-                                 :          JUDGMENT ENTRY
                                     :
APPEAL FILED BY SARAH JANE           :
COCKRELL, et al.                     :
                                     :
     Appellants                     :          Case No. 12 CAE 06 0036


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.

Costs assessed to Appellants.


                                 _____


                                 _____


                                 _____

                                              JUDGES